COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Molina Healthcare of Texas, Inc.

Appellate case number:    01-22-00809-CV

Trial court case number:   2022-26514-7

Trial court:             164th District Court of Harris County

On October 31, 2022, relator, Molina Healthcare of Texas, Inc., filed a petition for writ of mandamus contending that the trial court asserting that the trial court abused its discretion "in denying Molina's Motion to Stay Discovery" pending the trial court's consideration of Molina's plea to the jurisdiction.

In its plea to the jurisdiction, Molina argued that plaintiff/real party in interest, Patrick Shih, M.D., P.A., "does not have a private right of action to enforce" several of his alleged causes of action, including causes of action asserted under Texas Insurance Code §§ 541.003, 541.060, 542.003, and 1271.155. Molina further argued that Dr. Shih "fail[ed] to state a claim for violation of the Texas Prompt Payment Statute because there is no basis for statutory penalties without contracted rates," and "fail[ed] to state a claim under the Declaratory Judgments Act because the claim is predicated on the viability of [Dr. Shih's] defective section 1271.155 claim." Accordingly, Molina requested that the trial court dismiss Dr. Shih's petition "for want of jurisdiction."

As of the date of filing its mandamus petition, the trial court had not ruled on Molina's plea to the jurisdiction. However, on January 13, 2023, the Supreme Court of Texas issued an opinion which in a case cited by Molina's mandamus petition. *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, -- S.W.3d ---, 2023 WL 176287 (Tex. 2023).

In the opinion, the Supreme Court of Texas held that Texas Insurance Code section 1271.155 "does not create a private cause of action for claims." *Id.* at * 8. The Supreme Court of Texas further held that the physicians "had no claim against insurers for unfair settlement practices" under Chapter 541. *Id.* at *11.

Nevertheless, the Supreme Court of Texas also concluded as follows:

> The issues before th[e] Court [were] (1) whether the Insurance Code creates a private damages action for claims under the Emergency Care Statutes; (2) whether the Doctors can satisfy the elements of a common-law quantum meruit claim; and (3) whether the Doctors can state a claim for unfair settlement practices under Chapter 541 of the Code. None of these issues implicates constitutional standing. Each is a pure issue of law pertaining to the merits that should have been raised in the trial court by traditional motion for summary judgment or under Rule 91a—not in a plea to the jurisdiction.

*Id.* at *13 (footnotes omitted).

Given these developments, we request that Molina file a supplemental brief in support of its mandamus petition advising the Court how the opinion of the Supreme Court of Texas impacts its request for mandamus relief. Molina's supplemental brief in support of its mandamus petition is due within ten days of the date of this order.

We further request that Dr. Shih file a response to Molina's mandamus petition and supplemental brief within ten days of the date that Molina files its supplemental brief.

It is so ORDERED.


Judge's signature: ___/s/ April Farris_____

      ☑ Acting individually   ☐ Acting for the Court

Date: __January 24, 2023_____